**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS ENRIQUE GOMEZ HADDOUB,<br><br>*Petitioner*,<br><br>v.<br><br>TODD BLANCHE, *et al.*,<br><br>*Respondents*. | Civil Action No. 26-cv-04506<br><br>**ORDER**<br><br>August 21, 2026 |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner, Luis Enrique Gomez Haddoub ("Petitioner"), pursuant to 28 U.S.C. § 2241 challenging the legality of his continued immigration detention (ECF No. 1); and

**WHEREAS**, according to the Petition, Petitioner is a 26-year-old native and citizen of Venezuela who entered the United States without inspection on December 29, 2021, was initially released by Customs and Border Protection subject to electronic monitoring, and thereafter resided in Florida before relocating to New Jersey in August 2025 (*id.* ¶¶ 1, 20-21); and

**WHEREAS**, Petitioner alleges he timely filed an application for asylum, withholding of removal, and protection under the Convention Against Torture, and the Elizabeth Immigration Court subsequently denied his application and ordered his removal on February 17, 2026; his appeal of that order remains pending before the Board of Immigration Appeals ("BIA") (*id.* ¶¶ 2, 22); and

**WHEREAS**, Petitioner alleges he previously received Temporary Protected Status ("TPS"), which for a period protected him from removal proceedings (*id.* ¶ 4); and

**WHEREAS**, in January 2026, Petitioner appeared for a scheduled check-in with Immigration and Customs Enforcement ("ICE") at its Newark Field Office, where he was taken into custody, and he has remained detained at the Delaney Hall Detention Facility without a bond hearing or other pre- or post-detention hearing (*id.* at 2; ¶ 3); and

**WHEREAS**, Petitioner has no criminal history in the United States or Venezuela, and apart from his initial brief detention upon entering the United States and his present detention, has not been arrested or detained (*id.* ¶ 23); and

**WHEREAS**, Respondents filed a Response to the Petition on April 29, 2026, which contends Petitioner is in ICE detention without bond pursuant to the U.S. Department of Homeland Security's interpretation of "applicants for admission" under 8 U.S.C. § 1225(b)(2), and cites authority which they acknowledge has been rejected by several courts to reach the issue in this District[1] (ECF No. 5); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), the Response (ECF No. 5), and the Reply (ECF No. 7), and resolves the matter on the controlling statutory framework; and

**WHEREAS**, Petitioner is being unlawfully detained under 8 U.S.C. § 1225. However, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), Petitioner was apprehended inside the United States after residing here for an extended

[1] *See, e.g.*, *Marca Lemu v. Soto,* No. 25-cv-17098 (RMB), 2025 WL 3470298 (D.N.J. Dec. 3, 2025); *Perez v. Lyons*, No. 25-cv-17186 (ESK), 2025 WL 3238540 (D.N.J. Nov. 19, 2025); *Ayala Amaya v. Bondi*, No. 25-16427 (ESK), 2025 WL 3033880 (D.N.J. Oct. 30, 2025); *Smit Patel v. Almodovar*, No. 25-15345 (SDW), 2025 WL 3012323 (D.N.J. Oct. 28, 2025); *Lomeu v. Lyons*, No. 25-16589 (EP), 2025 WL 2981296 (D.N.J. Oct. 23, 2025); *Contreras Maldonado v. Cabezas*, No. 25-13004 (JKS), 2025 WL 2985256, at *2 (D.N.J. Oct. 23, 2025); *Soto v. Soto*, No. 25-16200 (CPO), 2025 WL 2976572 (D.N.J. Oct. 22, 2025); *Castillo v. Lyons*, No. 25-16219 (MEF), 2025 WL 2940990 (D.N.J. Oct. 10, 2025); *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025), *appeal filed sub nom. Rivera Zumba v. U.S. Attorney Gen.*, No. 25-3328 (3d Cir. Dec. 2, 2025).

period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions." *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained[.]" *Id.* at 366. The Court declines to allow *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 782 (E.D. Mich. 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa.

2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 21st day of August 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner within 24 hours of this Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**